**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KINA SISNEY on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) ) |
| KEEPER'S KIDS, INC., AN ILLINOIS CORPORATION AND BRIDGETTE HURT, INDIVIDUALLY | ) ) ) ) ) |
| Defendants. | ) ) |

N<u>o</u>. 1:22-cv-

**Hon.**
District Judge

Hon.
Magistrate Judge

*JURY DEMAND*

## COMPLAINT

NOW COMES Plaintiff, **KINA SISNEY,** ("Plaintiff"), by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendants, **KEEPER'S KIDS, INC. AND BRIDGETTE HURT** (each a "Defendant", collectively the "Defendants" or "KKI"), state as follows:

## I.   NATURE OF ACTION

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago.

## II.   JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental state and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

III.    **THE PARTIES**

3.      Defendant, **KEEPER'S KIDS, INC.** ("KKI") is a corporation that owns and operates a daycare and preschool facility by the same name. KKI provides manicure, pedicure and other salon, spa and beauty services to appointment and walk-in customers. KKI is located at 2718 W. 59th St. in Chicago, Illinois.

4.      KKI is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

5.      During all relevant times, KKI was acting directly or indirectly in the interest of the employer in relation to the worker/employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6.      Defendant, **BRIDGETTE HURT** ("Hurt") is the owner, director and day-to-day principal of KKI (any reference to "KKI" in this Complaint shall include Bridgette Hurt, such that "KKI" encompasses and refers to all Defendants)**.** Hurt was and is primary decision maker of KKI.

7.      In her capacity as owner and principal of KKI, Hurt was vested with the authority to implement and carry out the wage and hour practices of KKI. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Hurt, who in turn responded to those communications with the authority described above.

8.    Thus, at all times relevant hereto, Hurt was acting directly or indirectly in the interest of the employer in relation to the employee/worker Plaintiff and therefore as defined under both the federal and state statutes relied upon, are each an "employer".

9.    Plaintiff, **KINA SISNEY** (hereinafter referred to as "Plaintiff" or "Sisney") is a former worker of Defendants who worked as a daycare and preschool caretaker from approximately June 2018 to February 2022.

10.    Plaintiff worked at Defendants' daycare and preschool in Chicago, Illinois.

11.    During Plaintiff's entire employment, KKI misclassified Plaintiff salary-exempt employee, misclassified Plaintiff as a 1099 independent contractor, improperly paid Plaintiff all wages in cash, and once Plaintiff was converted to an hourly worker, failed to pay overtime wages for hours worked over 40 per work week.

12.    All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present daycare workers who work or worked for Defendants and were also a) misclassified as salary-exempt b) improperly classified as 1099 independent contractors c) denied overtime wages for hours worked over 40 in individual work weeks.

13.    As workers/employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    **STATUTORY VIOLATIONS**

### Fair Labor Standards Act

14.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* by failing to overtime wages. Count II

alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

15.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

16.     Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

17.     Plaintiff, at all times pertinent to the cause of action, was employed by Defendants as a daycare provider, and said employment as a daycare provider was integral and indispensable to Defendants' daycare and preschool business.

18.     Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for hours worked over 40 pursuant to the requirements of the federal, state and local statutes relied upon herein.

19.     Plaintiff worked for KKI from approximately June 2018 to February 2022.

20.     Plaintiff worked for KKI as a daycare and preschool provider and caretaker.

21.     As a daycare provider, Plaintiff performed childcare duties such as overseeing children (including babies and toddlers), feeding children, changing diapers, overseeing naps, playing games, etc.

22.     Throughout the duration of Plaintiff's employment, she worked at least two hours while physically present in the City of Chicago during individual two-week periods and was at all times "Covered Employee" as defined by the CMWO.

23.     KKI employed and employs "Covered Employees", including Plaintiff, and as such were and are "Employers" as defined by the CMWO.

24.     Additionally, because Defendants were operating and engaging in business, including daycare services, within the City of Chicago, Defendants were and are subject to license requirements set forth by the Municipal Code of Chicago.

25.     Upon information and belief, KKI possessed proper license(s), insurance and permit requirements to engage in moving services and otherwise conduct business within the City of Chicago.

26.     Upon information and belief, KKI was subject to City of Chicago licensing, permit and insurance requirements and thus possessed the required and proper license(s) to provide moving services otherwise conduct business within the City of Chicago.

27.     As such, Plaintiff, who worked in the City of Chicago, was a Covered Employee working for a Covered Employer as defined by the CMWO and is entitled to the CMWO's protections.

28.     For the majority of Plaintiff's employment, Plaintiff typically worked more than 40 hours per week. Plaintiff worked from approximately 8:00 a.m. to 6:00 p.m. each day, Monday through Friday. At times, Plaintiff worked in excess of this schedule.

29.     Plaintiff was initially hired by KKI as a "teacher assistant" for a classroom of two (2) year old toddlers. As an assistant teacher, Plaintiff performed duties akin to a daycare provider, babysitter or nanny. These duties consisted of changing diapers, feeding, reading children's books, etc.

30.     When Plaintiff began working at KKI, she was paid a cash salary of $850 every two weeks. KKI's director, Ms. Hurt, informed Plaintiff that she would be paid a set salary and that she would receive her wages in cash.

31.     From approximately June 2018 to April 2020, Plaintiff was paid a cash salary of approximately $850 every two weeks. During this time, KKI did not input Plaintiff into their time-keeping and payroll system, instead paying Plaintiff "off the books".

32.     In approximately May 2020, KKI added Plaintiff to their payroll system and began compensating Plaintiff via payroll check, whereby Plaintiff was paid between approximately $14 and $14.50 per hour rather than bi-monthly salary.

33.     Plaintiff's job duties remained largely unchanged when KKI changed her compensation to hourly. Plaintiff rotated between classrooms of infants, toddlers and 3-5 year old children.

34.     As an hourly employee, Plaintiff was only paid her straight time rate of pay for all hours worked, including those over 40 in individual work weeks.

35.     While Plaintiff was compensated as an hourly employee, she routinely worked 45 or more hours each week but only received her straight time rate of pay for all hours worked

over 40 in individual work weeks instead of the overtime rate of one and one-half times her regular rate.

36.     In approximately Summer 2021, Plaintiff was designated as a "lead teacher". Plaintiff rotated as a "lead teacher" between classrooms of infants, toddlers and 3-5 year old children. Plaintiff's job duties remained largely the same as those she had as an assistant teacher, including feeding, diaper changes, naps, games, books, etc. These duties remained similar to those of a babysitter or nanny.

37.     During Plaintiff's stint as a lead teacher from approximately Summer 2021 until Plaintiff separated from KKI, she remained an hourly employee and received only her straight time rate of pay for all hours worked over 40 in individual work weeks instead of the overtime rate for such hours.

38.     Over the course of her employment, Plaintiff clocked in and out of her shifts using an assigned, unique ID number and password in accordance with KKI's timekeeping policies.

39.     Plaintiff made numerous complaints to KKI, about their failure to pay overtime wages. When Plaintiff confronted Defendants about their illegal pay policies, Defendants confirmed failed to take any action to remedy the practice.

40.     Lastly, at times, KKI improperly designated Plaintiff as a 1099 independent contractor and paid some of her wages via 1099. As a result of Defendants' misclassification of Plaintiff as a 1099 independent contractor, KKI improperly denied Plaintiff overtime wages and contributions to Social Security, Medicare, Medicaid, unemployment insurance, etc.

41.     Plaintiff inquired with KKI as to why some of her wages were paid via 1099. KKI did not provide a specific reason and took no action to remedy the practice.

42.     Throughout her time working for KKI, Plaintiff:

a)     worked only for Defendants and did so on an open-ended and permanent basis,

b)     did not make a substantial investment in the business, facilities or equipment,

c)     did not hold herself out to the community as a professional for hire in a particular trade or industry,

d)     had no opportunity for profit or loss based on the quality of her work,

e)     did not control the nature of her work or work schedule or how her work was to be performed,

f)     did not engage in open market competition with other contractors in the same or similar trade or industry, or

g)     operate an independent business organization or operation.

43.     As such, Defendants' classification of Plaintiff and other caregivers as independent contractors was illegal and improper. Plaintiff and similarly situated workers should have been classified as W2 employees entitled to hourly pay, overtime and other benefits of full-fledged employment, including employer contributions to Social Security, Medicare, Medicaid, etc.

44.     Throughout the duration of Plaintiff's employment, she was improperly compensated by salary, denied legally mandated overtime wages while both a salaried and hourly employee, and contributions to employee benefit programs.

45.     As detailed above, Plaintiff, nor any worker working for KKI, performed duties that would satisfy any exemptions to overtime wages permitted by the FLSA or IMWL. Rather, Plaintiff and others that worked for KKI should have been paid hourly and received

one and one-half their hourly rates of pay for all hours worked in excess of 40 in individual work weeks.

46.     Based upon information and belief of Plaintiff, KKI paid all workers in the same manner Plaintiff was paid.

47.     The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

48.     The claims brought herein by the named Plaintiff is based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present workers who were subject to the same non-compliant policies and practices alleged herein. Those past and present workers are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-48.     Paragraphs 1 through 48 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 48 of this Count I.

49.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, during the two (2)

years preceding the filing of this action, are entitled to compensation for all hours worked at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

50.     Defendants have, during certain times relevant hereto, failed and refused to pay compensation to their employees including the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid minimum wage and overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid minimum wages and overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-50.   Paragraphs 1 through 50 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 50 of Count II.

51.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions

relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

52.     Pursuant to the Fair Labor Standards Act, Plaintiff and all others similarly situated, past or present, are entitled to compensation at a rate not less one and one-half times the regular rate for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)   back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)   prejudgment interest with respect to the amount of unpaid minimum and overtime compensation;

(c)   Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)   such additional relief the Court deems appropriate under the circumstances.

<u>**COUNT III**</u>

**LIQUIDATED DAMAGES**
<u>**UNDER THE FAIR LABOR STANDARDS ACT**</u>

1-52.   Paragraphs 1 through 52 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 52 of Count III.

53.     In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to

wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

54.     The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-54.   Paragraphs 1 through 54 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 54 of this Count IV.

55.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

56.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments

for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

57.     Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-57.   Paragraphs 1 through 57 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 57 of this Count V.

58.     Plaintiff was an "employee" under the CMWO§ § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO.

59.     Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

60.     Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

61.     Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 6-105-010.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c)     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/24/2022*

/s/ Samuel D. Engelson

_____

Samuel D. Engelson

John W. Billhorn
Samuel D. Engelson
Attorney for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604 / (312) 853-1450